IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and<br>SITO MOBILE, LTD.<br><br>      Plaintiffs,<br><br>  v.<br><br>BLUE SCOUT MEDIA, LLC,<br><br>      Defendant. | Case No. 6:20-cv-00910<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively "SITO"), by and through its undersigned counsel, files this Complaint against Blue Scout Media, LLC ("Blue Scout Media") for patent infringement of United States Patent Nos. 9,026,673; 9,135,635; 9,135,636; 9,591,360; and 10,009,637 (collectively, the "patents-in-suit") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2. Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

3. Plaintiff SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

4. On information and belief, Defendant Blue Scout Media is a limited liability company organized and existing under the laws of the State of Texas with a place of business located at 7543 Bosque Blvd, Suite A, Waco, Texas 76712. Blue Scout Media may be served with process through its registered agent for service in Texas: Jay Powers, 7543 Bosque, Suite D, Waco, Texas 76712.

5. On information and belief, since at least November 2012, Blue Scout Media has been registered to do business in the State of Texas under Texas SOS File Number 0801681549.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. Blue Scout Media is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, Blue

Scout Media "[r]ecruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

8. This Court has personal jurisdiction over Blue Scout Media because Blue Scout Media (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a).

9. This Court also has personal jurisdiction over Blue Scout Media because Blue Scout Media has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Blue Scout Media because, *inter alia*, Blue Scout Media, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) owns, manages, and/or operates facilities in this State and this judicial district; (3) enjoys substantial income from its operations and sales in this State and this judicial district; (4) employs Texas residents in this State and this judicial district; and (5) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused infringing instrumentalities.

10. Blue Scout Media has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at

residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b)-(d) and/or 1400(b). Blue Scout Media is registered to do business in the State of Texas, maintains a regular and established place of business within this judicial district, and has committed acts of infringement in this judicial district.

12. On information and belief, Blue Scout Media operates its corporate headquarters in this judicial district, and this office constitutes a regular and established place of business: 7543 Bosque Blvd, Suite A, Waco, Texas 78757.

## BLUE SCOUT MEDIA'S VIDEO STREAMING SERVICE

13. Blue Scout Media offers a media streaming service that provides live and on-demand video programming over the Internet. [1]

14. Blue Scout Media subscribers can access Blue Scout Media's services through, for example, a computer, smart phone, tablet, smart TV, and/or streaming player (e.g., Roku).

15. On information and belief, Blue Scout Media has developed the StageHop platform (https://www.stagehop.com/) to stream videos using a network(s) of servers (hereinafter referred to as the "Blue Scout Media Streaming Platform"). On information and belief, the Blue Scout Media Streaming Platform uses the HTTP Live Streaming (HLS)

---

[1] *About Us*, BLUE SCOUT MEDIA, LLC, http://www.bluescoutmedia.com/.

protocol to stream video content. HLS is an HTTP-based adaptive bitrate streaming technique that enables high quality streaming of media content over the Internet from web servers. A copy of the HLS standards documents is attached hereto as Exhibit 1.

16. With HLS, a video may be broken up into thousands of small HTTP-based file segments. Each segment contains a short interval of playback time of the video. The segments are encoded at a variety of different bit rates (speeds). After a subscriber selects a video to stream, the media player on the subscriber device is provided with a file that informs the player, amongst other things, how to obtain the segments sequentially and how to handle ad breaks (if any). As the video is playing, the subscriber device determines the bit rate that it can handle and requests a segment(s) encoded at that bit rate. The player plays the segments in sequential order and continuously requests segments until the player has received all of the segments that make up the video.

## THE PATENTS-IN-SUIT

### United States Patent No. 9,026,673

17. On May 5, 2015, the USPTO duly and legally issued United States Patent No. 9,026,673 ("the '673 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

18. The '673 patent is presumed valid under 35 U.S.C. § 282.

19. SITO owns all rights, title and interest in the '673 patent.

### United States Patent No. 9,135,635

20. On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,635 ("the '635 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

21. The '635 patent is presumed valid under 35 U.S.C. § 282.

22. SITO owns all rights, title and interest in the '635 patent.

### United States Patent No. 9,135,636

23. On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,636 ("the '636 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

24. The '636 patent is presumed valid under 35 U.S.C. § 282.

25. SITO owns all rights, title and interest in the '636 patent.

### United States Patent No. 9,591,360

26. On March 7, 2017, the USPTO duly and legally issued United States Patent No. 9,591,360 ("the '360 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

27. The '360 patent is presumed valid under 35 U.S.C. § 282.

28. SITO owns all rights, title and interest in the '360 patent.

### United States Patent No. 10,009,637

29. On June 26, 2018, the USPTO duly and legally issued United States Patent No. 10,009,637 ("the '637 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

30. The '637 patent is presumed valid under 35 U.S.C. § 282.

31. SITO owns all rights, title and interest in the '637 patent.

**CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 9,026,673**

32. SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

33. Blue Scout Media directly infringes (literally and/or under the doctrine of equivalents) the '673 patent by using the method covered by at least claim 1 of the '673 patent.

34. The Blue Scout Media system that infringes one or more claims of the '673 patent includes, but is not limited to, the Blue Scout Media Streaming Platform, and any other Blue Scout Media network, system, device, and/or service that practices a media streaming method as claimed in the '673 patent.

35. The Blue Scout Media Streaming Platform performs a method of streaming video. The Blue Scout Media Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., live or on-demand event) from at least one communication device (e.g., client device, such as a personal computer, mobile device, and/or television) capable of using instructions (e.g., contained within an M3U8 playlist) received from the at least one computing device to obtain at least one portion of the requested media using

at least one resource (e.g., streaming server(s)) other than the at least one computing device.

36. The Blue Scout Media Streaming Platform determines, by the at least one computing device (e.g., server(s)), whether the at least one portion of the requested media (e.g., video segment(s)) is available for streaming in accordance with at least one program comprising at least one media selector (e.g., source code) defining how to select at least one other media (e.g., advertisement).

37. On information and belief, the Blue Scout Media Streaming Platform includes a media selector for an advertisement in an M3U8 file(s). A server in the Blue Scout Media Streaming Platform determines the at least one other media based on the at least one media selector.

38. The Blue Scout Media Streaming Platform generates, by the at least one computing device and based on one or more capabilities (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device, at least one play script (e.g., at least one M3U8 playlist).

39. The M3U8 playlist includes: (i) an identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an identification (e.g., segment information/segment file name) of the at least one other media (e.g., advertisement), (iii) a reservation identification (e.g., authentication token) associated with the request for media, (iv) at least one universal resource locator (URL) associated with at least one of the identification of the at least one portion of the requested media and the identification of the at least one other media, the at least one URL including

8

at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media and the at least one other media, and (v) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the at least one communication device to obtain the at least one portion of the requested media and the at least one other media.

40. The Blue Scout Media Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media and the at least one other media via the communication network using the at least one resource other than the at least one computing device.

41. SITO has been damaged by the direct infringement of Blue Scout Media, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count II – Infringement of United States Patent No. 9,135,635

42. SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

43. Blue Scout Media directly infringes (literally and/or under the doctrine of equivalents) the '635 patent by using the method covered by at least claim 1 of the '635 patent.

44. The Blue Scout Media system that infringes one or more claims of the '635 patent includes, but is not limited to, the Blue Scout Media Streaming Platform, and any other Blue Scout Media network, system, device, and/or service that practices a media streaming method as claimed in the '635 patent.

45. The Blue Scout Media Streaming Platform performs a method of streaming media. The Blue Scout Media Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., live or on-demand event) from a communication device (e.g., client device, such as a personal computer, mobile device, and/or television). The at least one computing device comprises a combination of hardware and software.

46. The Blue Scout Media Streaming Platform determines, by the at least one computing device, at least one portion of the requested media (e.g., video segment(s)) to be streamed to the communication device.

47. The Blue Scout Media Streaming Platform transmits, by the at least one computing device for reception by the communication device, at least one play script (e.g., M3U8 playlist) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an indication (e.g., identification of one or more ad breaks, such as an HLS descriptive tag) that an advertising media clip is to be streamed to the communication device, (iii) at least one universal resource locator (URL) associated with the identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least

one computing device to facilitate streaming of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL to cause the at least one portion of the requested media to be streamed to the communication device.

48. SITO has been damaged by the direct infringement of Blue Scout Media, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count III – Infringement of United States Patent No. 9,135,636

49. SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

50. Blue Scout Media directly infringes (literally and/or under the doctrine of equivalents) the '636 patent by using the method covered by at least claim 1 of the '636 patent.

51. The Blue Scout Media system that infringes one or more claims of the '636 patent includes, but is not limited to, the Blue Scout Media Streaming Platform, and any other Blue Scout Media network, system, device, and/or service that practices a media streaming method as claimed in the '636 patent.

52. The Blue Scout Media Streaming Platform performs a method of streaming media. The Blue Scout Media Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., live or on-demand event) from a communication device (e.g., client device, such as a personal computer, mobile device, and/or television),

capable of using instructions (e.g., contained within an M3U8 playlist) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

53. The Blue Scout Media Streaming Platform generates, by the at least one computing device, at least one play script (e.g., M3U8 playlist) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) a reservation identification (e.g., authentication token) associated with the request for media, (iii) at least one universal resource locator (URL) associated with the at least one identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the communication device to obtain the at least one portion of the requested media.

54. The Blue Scout Media Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media via the communication network using the at least one resource other than the at least one computing device.

55. SITO has been damaged by the direct infringement of Blue Scout Media, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count IV – Infringement of United States Patent No. 9,591,360**

56. SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

57. Blue Scout Media directly infringes (literally and/or under the doctrine of equivalents) the '360 patent by using the method covered by at least claim 15 of the '360 patent.

58. The Blue Scout Media system that infringes one or more claims of the '360 patent includes, but is not limited to, the Blue Scout Media Streaming Platform, and any other Blue Scout Media network, system, device, and/or service that practices a method for streaming media content as claimed in the '360 patent.

59. The Blue Scout Media Streaming Platform uses an apparatus (e.g., network of servers) to perform a method for streaming media. The apparatus has a process, memory, and a packet-based network interface. (e.g., connection to the Internet).

60. The Blue Scout Media Streaming Platform receives from a client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet) signaling (e.g., GET request) to have video content (e.g., live or on-demand event) streamed to the client device.

61. In response to the received signaling, a server generates an identifier (e.g., session ID) uniquely associated with the client device and a viewing session for the video content.

62. In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g., M3U8 file(s)), each of the one or more files being in a format compatible with a media player on the client device, (i) an indication (e.g., segment information and/or segment file name) of one or more segments of the video content, (ii) a URL including an identification (e.g., host name) of one or more resources (e.g., streaming server(s)) of a content distribution network (e.g., content delivery network (CDN)) available to facilitate streaming of the one or more segments to the client device, (iii) information (e.g., segment information/segment file name, title identifier of the segment, and/or authentication token for the segment) instructing the client device how to communicate with the one or more resources of the content distribution network to cause the plurality of segments to be streamed to the client device by the content distribution network, (iv) information (e.g., host name associated with an advertising server) instructing the client device how to communicate with an advertising server to cause one or more advertisements to be streamed from the advertising server to the client device in sequence with the streaming of the plurality of segments to the client device by the content distribution network, and (v) the identifier (e.g., session ID).

63. SITO has been damaged by the direct infringement of Blue Scout Media, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count V – Infringement of United States Patent No. 10,009,637

64. SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

65. Blue Scout Media directly infringes (literally and/or under the doctrine of equivalents) the '637 patent by using the method covered by at least claim 1 of the '637 patent.

66. The Blue Scout Media system that infringes one or more claims of the '637 patent includes, but is not limited to, the Blue Scout Media Streaming Platform, and any other Blue Scout Media network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '637 patent.

67. The Blue Scout Media Streaming Platform performs a method for managing streaming of video content (e.g., live or on-demand event) to a client device (e.g., personal computer, mobile device, and/or television). The Blue Scout Media Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

68. A server(s) receives, from the client device via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

69. In response to the received signaling, a server transmits one or more files (e.g., M3U8 file(s)) to the client device via the packet-based telecommunication network, each of the one or more files being in a format compatible with a media player on the client device, the one or more files comprising (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

70. The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources

of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

71. SITO has been damaged by the direct infringement of Blue Scout Media, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## JURY DEMANDED

72. Pursuant to Federal Rule of Civil Procedure 38(b), SITO hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

SITO respectfully requests this Court to enter judgment in SITO's favor and against Blue Scout Media as follows:

a. finding that Blue Scout Media directly infringes one or more claims of each of the patents-in-suit;

b. awarding SITO damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c. awarding SITO pre-judgment and post-judgment interest on the damages award and costs;

d. awarding cost of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

e. awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: October 1, 2020	Respectfully submitted,

/s/Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)
Chandran B. Iyer (*pro hac vice* to be filed)
Jason S. Charkow (*pro hac vice* to be filed)
Stephanie R. Mandir (*pro hac vice* to be filed)
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
jcharkow@ goldbergsegalla.com
smandir@goldbergsegalla.com
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

Attorneys for *SITO Mobile, Ltd. and SITO Mobile R&D IP, LLP*